UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNY DHALIWAL, | No.  2:25-cv-3101 DJC AC PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I.  Screening**

A.  Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-

1

rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Plaintiff's 99-page complaint seeks relief against 17 named defendants including the County of Sacramento, the Sacramento Sherrif's Department, and numerous individual officers and County employees. ECF No. 1 at 7-8. Plaintiff identifies 31 causes of action brought under various statutes, including constitutional claims under 42 U.S.C. § 1983, claims under the Americans with Disabilities Act and the Rehabilitation Act, Civil RICO, the Fair Housing Act, and conspiracy claims under 42 U.S.C. § 1985. Id. at 26-58. The complaint contains voluminous allegations that are not all directly related to causes of action.

Plaintiff filed this case in federal court "because state processes proved unable – or unwilling – not only to vindicate California state but also federal rights." ECF No. 1 at 10. The complaint states that after a series of unlawful actions by county law enforcement and county officials, "the Sacramento Superior Court entered rulings that, in Plaintiff's view, rested on government-generated intentional inaccuracies and omissions to cover the crimes by the government officials installed in the offices and unconstitutionally and unlawfully protect the sole interests of the government at the detriment of the public such as the Plaintiff and his family." Id. It is unclear from the complaint whether the referenced state court actions were brought by plaintiff or by the government, and how they relate to this case.

The incidents underlying the complaint began in April 2023, when the apartment building in which plaintiff and his family rented a unit came under new ownership and imposed "unlawful fees and surcharges to artificially inflate rents in violation of rent-control protections." Id. at 12. Plaintiff and his family refused to pay, the property owner made false claims about the habitability of plaintiff's home and displaced him and his family into a temporary, uninhabitable

3

unit.  Id.  Plaintiff repeatedly sought help from Sacramento County agencies but was ignored.  Id. at 13.  After threatening legal action, the property owner allowed plaintiff to return to his original unit.  Id.  Before moving back, plaintiff requested basic repairs such as new carpet and paint, but ultimately plaintiff was forced to return to an unrepaired unit.  Id.  Though many of plaintiff's allegations have to do with his housing and housing management, neither the apartment complex nor the apartment managers are defendants in this case.  Id. at 7-8.

On June 12, 2024, the County retaliated against plaintiff by having Sherriff's deputies forcibly enter his apartment, assault plaintiff, and evict the family.  Id. at 13-14.  On July 1, 2024, plaintiff requested a copy of the incident report and found that it was fabricated, falsely stating that plaintiff voluntarily surrendered the unit.  Id.  On August 5, 2024, plaintiff attempted to file criminal charges against the deputies and apartment management, but the Sheriff refused.  Id. Instead, the apartment owners filed an unlawful detainer action, alleging that plaintiff had broken into the apartment on June 12.  Id. at 15.  On February 5, 2025, plaintiff filed a Government Claim with the County of Sacramento Risk Management Office, which was summarily rejected on February 12, 2025.  Id. at 16.  Plaintiff appealed on March 13, 2025, but the appeal was rejected on March 16, 2025.  Id.

On March 27, 2025, plaintiff filed a petition for relief in Sacramento Superior Court.  Id. at 17.  Due to alleged mishandling by the Clerk's Office, docketing was delayed until April 11, 2025, and was not received by plaintiff until April 27, 2025.  Id.  When respondents failed to respond within the statutory time limit, plaintiff sought default on June 26, 2025.  Id.  Despite the default, the state court allowed defendants to file an untimely opposition on July 24, 2025.  Id. Plaintiff moved to strike the late opposition, and the trial court denied these motions.  Id.  On August 7, 2025, the Superior Court denied his petition in full.  ECF No. 1 at 18.  Plaintiff appealed, and that appeal is still pending.  Id.  Plaintiff states he has structured his "federal and state pleadings to protect distinct primary rights and remedies; to the extent any court finds substantial overlap, Plaintiffs request a stay rather than dismissal under California's exclusive concurrent jurisdiction principals."  Id. at 66.

////

4

C.  Analysis

Plaintiff's complaint cannot be served at this time because it fails to comply with Fed. R. Civ. P. 8.  Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  Under Federal Rule of Civil Procedure 8(a), a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief" and clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  Failure to submit a complaint that complies with Rule 8 may lead to dismissal.  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. [Rule 8's requirement that] each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179.

Plaintiff's complaint contains 72 substantive pages, and totals 99 pages with attachments. ECF No. 1.  It contains a convoluted factual history and 31 causes of action. Id.  There are 16 named defendants, many of whose roles in the allegations are not clear from the presentation of facts.  Moreover, many of the facts recited do not appear to be directly related to the claims actually asserted in the case.  The overly complicated nature of the allegations and causes of action make it impossible for the court to substantively screen the complaint and evaluate whether there is a plausible basis for each independent cause of action.  The complaint as drafted does not meet the pleading requirements of federal court, and accordingly, the complaint cannot be served. However, rather than recommending dismissal, the court will allow plaintiff to file an amended complaint correcting the deficient pleading.

## II.  Leave to Amend

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain

statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit."  Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what."  Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete.  An amended complaint must be complete without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

6

### III.  Pro Se Plaintiff's Summary

It is not clear that this case can proceed in federal court.  The court cannot tell from your complaint whether a legal claim can be stated because the complaint has too much information and too many repetitive causes of action, and much of the information does not appear relevant to the claims.  Because the complaint as written does not comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), it will not be served on defendants.  Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that complies with the Federal Rules of Civil Procedure.  If you submit an amended complaint, it needs to explain in simple terms and on a claim-by-claim basis what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you.  Without this information, the court cannot tell what legal claims you are trying to bring against the defendants.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: February 11, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE