UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNY DHALIWAL,<br>Plaintiff,<br>v.<br>COUNTY OF SACRAMENTO, et al.,<br>Defendants. | No. 2:25-cv-3101 DJC AC PS<br><br>ORDER |

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff previously filed a request for leave to proceed in forma pauperis ("IFP"). ECF No. 2, 28 U.S.C. § 1915(a)(1). The request to proceed with IFP status was granted, but the complaint was rejected pursuant to the screening process discussed below, with leave to file an amended complaint. ECF No. 3. Plaintiff filed a First Amended Complaint (ECF No. 9), which is now before the undersigned for screening.

## I. Screening

A. Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the

complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

The First Amended Complaint ("FAC") is 31 pages long (down from 99 pages in the initial complaint) and seeks relief against 22 named defendants (up from 17 named defendants in the initial complaint). ECF No. 9. As the basis for federal jurisdiction, plaintiff lists 21 federal causes of action (down from 31 causes of action in the initial complaint) including constitutional claims under 42 U.S.C. § 1983, claims under the Americans with Disabilities Act and the Rehabilitation Act, Civil RICO, the Fair Housing Act, and conspiracy claims under 42 U.S.C. § 1985. Id. at 8-10. At the end of the FAC, he identifies nine causes of action. Id. at 21-31. Plaintiff does not clearly indicate which causes of action are brought against which defendants. Id.

The incidents underlying the complaint began in April 2023, when the apartment building in which plaintiff and his family rented a unit came under new ownership and "disputes arose regarding unlawful fees, fraudulent Notices and Change of Terms, harassment, eviction threats, habitability problems, and other ways of retaliation by [the property owner's] failure to extort monies and constructively evict the tenants such as Plaintiff and family" Id. at 10. Plaintiff and his family were forcibly displaced into into a temporary, uninhabitable unit, and plaintiff repeatedly complained to management and the Sacramento County Code Enforcement Division. Id. at 11. The Code Enforcement Division and County officials failed to properly respond. Id.

By May of 2024, plaintiff and his family returned to their original unit, and management accepted and cashed his rent checks through July of 2024. Id. On June 12, 2024, the County

retaliated against plaintiff by having Sherriff's deputies forcibly enter his apartment, assault plaintiff, and evict the family. Id. at 11-12. "Plaintiff alleges that, during the incident, the deputies used physical force against him, including choking, twisting his body, and painful restraint or handcuffing of the plaintiff with existing disabilities." Id. at 11. On July 1, 2024, plaintiff requested a copy of the incident report and found that it had been fabricated to cover up the crimes committed against plaintiff and his family. Id. On August 5, 2024, plaintiff attempted to file criminal charges against the deputies and apartment management, but the Sheriff refused, stating the matter was a landlord-tenant civil dispute. Id. at 12. Instead, the apartment owners filed an unlawful detainer action, based on fabricated information. Id. at 13.

In plaintiff's related unlawful detainer appeal in state court, delays related to transcript and record preparation and other appellate processing problems impaired plaintiff's ability to obtain timely review of the illegal and wrongful eviction judgment; 18 months into the process, there is no decision. Id. at 14. "Plaintiff alleges that County actors, including Internal Affairs, the Inspector General Kevin Gardner, the District Attorney Thien Ho's Office, and other County officials, failed to fairly investigate, preserve, and produce critical evidence, including body-worn camera footages from both the incidents June 12, 2024, and January 2, 2026." Id.

Plaintiff alleges that defendant Richard Desmond, whose district included plaintiff's residence, failed to ensure a meaningful response to plaintiff's complaints about housing conditions, retaliation, and County-related failures. Id. at 15. Plaintiff alleges that defendant Phil Serna, as Board Chair, and Defendants Rosario Rodriguez, Patrick Kennedy, and Patrick Hume, as Board members, had County oversight authority and failed to act after plaintiff's complaints and escalation placed the Board of Supervisors and the Sacramento County on notice." Id. "Plaintiff alleges that the County CEO Defendant David Villanueva's office was contacted regarding the same course of conduct, including the management's violations, Sheriff's Department misconduct, Code Enforcement failures, and the failure of County officials to protect plaintiff and his family from continuing retaliation and access barriers; rather they conspired, collaborated, supported and executed the crimes against the whole family." Id. "Plaintiff further alleges that Defendant Mike Ziegler, as Undersheriff, had supervisor responsibility over Sheriff's

Department personnel and practices and failed to correct and prevent the continuation of the challenged deputy conduct after notice. Plaintiff alleges that defendant Thien Ho's office did not meaningfully investigate allegations regarding the Sheriff's Department. Id. Plaintiff alleges that defendant Kevin Gardner likewise failed to respond to the complaints and mishandled evidence. Id.

On February 5, 2025, plaintiff filed a Government Claim with the County of Sacramento Risk Management Office, which was summarily rejected on February 12, 2025. Id. at 16. Plaintiff appealed on March 13, 2025, but the appeal was rejected on March 16, 2025. Id. Plaintiff alleges the petitions were improperly handled and that he was discriminated against. Id. On March 27, 2025, plaintiff filed a petition for relief in Sacramento Superior Court. Id. Due to alleged mishandling by the Clerk's Office, docketing was delayed until 2025. Id. Plaintiff alleges this claim was also mishandled and blocked. Plaintiff does not seek review, reversal, or invalidation of any state court judgment, but challenges independent conduct by court operational personnel and state actors. Id. at 20.

C. Analysis

Plaintiff's First Amended Complaint cannot be served at this time because it again fails to comply with Fed. R. Civ. P. 8. Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Under Federal Rule of Civil Procedure 8(a), a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief" and clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Failure to submit a complaint that complies with Rule 8 may lead to dismissal. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit. [Rule 8's requirement that] each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad,

and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179.

The FAC is an improvement over the initial compliant, but it still lacks the clarity necessary for proceeding in federal court. Part of the problem is that the FAC contains too many unrelated facts, events, and defendants. Federal Rule of Civil Procedure 18 governs joinder of claims and authorizes "[a] party asserting a claim" to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The rule "provide[s] for a liberal joinder of claims." United States v. United Pac. Ins. Co., 472 F.2d 792, 794 n.5 (9th Cir. 1973). Federal Rule oof Civil Procedure 20 governs the permissive joinder of parties. The rule allows multiple defendants to be joined in one action if (A) "any right to relief is asserted against them ... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); see also League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency, 558 F.2d 914, 917 (9th Cir. 1977). The requirements for permissive joinder under Rule 20 are liberally construed to "promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe, 558 F.2d at 917. While the rules allow for multiple defendants and causes of action to be joined in a single complaint, there must be a common thread connecting everything.

The scope of plaintiff's FAC is very broad and involves multiple incidents taking place over years, involving various actors. The FAC asserts facts ranging from actions taken by private-entity landlords to actions taken by court personnel in handling various complaints, to alleged excessive force by police officers during eviction, to public officials ignoring various complaints. Plaintiff identifies at least 23 statutes as grounds for federal jurisdiction (ECF No. 9 at 9-10) but then raises 9 causes of action (id. at 21-30), without clearly tying the factual allegations or defendants to the causes of action. Where plaintiff does attempt to incorporate facts into his causes of action are convoluted and link unrelated events such that the court cannot identify the target of the cause of action. For example, the third cause of action for "First Amendment Retaliation and Petition Clause" alleges in part that unidentified defendants "participated in or ratified adverse actions against him, including the June 12, 2024, lockout,

threats of arrest, refusal to process complaints properly, and maintenance of false or misleading official narratives. Plaintiff alleges that the January 2, 2026, courthouse incident occurred after Plaintiff had repeatedly complained about County and Sheriff misconduct and while he was actively pursuing appellate and writ remedies along with non-judicial pending administrative escalations." Id. at 25. It is not clear who these allegations are against or what specific actions constitute violations of law.

Moreover, many of the facts recited do not appear to be directly related to the claims actually asserted in the case. The overly complicated nature of the allegations and causes of action make it impossible for the court to substantively screen the complaint and evaluate whether there is a plausible basis for each independent cause of action. The FAC as drafted does not meet the pleading requirements of federal court, and accordingly, the complaint cannot be served. However, rather than recommending dismissal, the court will allow plaintiff a final opportunity to file a second amended complaint correcting the deficient pleading.

**II. Leave to Amend**

If plaintiff chooses to amend the complaint, the second amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading to make plaintiff's amended complaint complete. An amended complaint must be complete without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**III. Pro Se Plaintiff's Summary**

It is still not clear that this case can proceed in federal court. The court cannot tell from your complaint whether a legal claim can be stated because the complaint has too much information and too many repetitive causes of action, and much of the information does not appear relevant to the claims. It looks like you are trying to include too many unrelated defendants and causes of action into one complaint. While the Federal Rules do allow you to bring a case with multiple causes of action against multiple defendants, all of the claims and defendants need to be linked together by an event or a closely related series of events. Because the complaint as written does not comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), it will not be served on defendants. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit a second amended complaint that complies with

the Federal Rules of Civil Procedure. If you submit an amended complaint, it needs to explain in simple terms and on a claim-by-claim basis what laws or legal rights of yours were violated, by whom and how, and how those violations impacted you. Without this information, the court cannot tell what legal claims you are trying to bring against the defendants. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's First Amended Complaint cannot be served at this time. Plaintiff shall have 30 days from the date of this order to file a second amended complaint that complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: September 10, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE